T.C. Memo. 1997-126

UNITED STATES TAX COURT

REINA MARTINEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27007-95.                    Filed March 11, 1997.

<u>Jack F. Bonanno</u>, for petitioner.

<u>Allan D. Hill</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  By notice dated October 5, 1995, respondent
determined a deficiency in petitioner's 1991 Federal income tax
of $159,551.  After concessions, the issue for decision is
whether petitioner, pursuant to section 104(a)(2), is entitled to

exclude amounts received in settlement of a class action suit. We hold she is not.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts have been fully stipulated under Rule 122 and are so found. At the time the petition was filed, petitioner resided in San Francisco, California.

In the fall of 1974, petitioner sought the entry-level sales position of trainee agent with State Farm Insurance Co. (State Farm). State Farm's agents discouraged petitioner from pursuing such a position.

On June 1, 1979, a class action suit was filed in the U.S. District Court for the Northern District of California, Kraszewski v. State Farm Gen. Ins. Co.. The plaintiffs in the class action alleged that State Farm, in violation of title VII of the Civil Rights Act of 1964 (Title VII), had discriminated against women in the hiring of its insurance agents. On November 6, 1981, the District Court bifurcated the litigation into a liability and a remedy phase.

On April 29, 1985, the District Court ruled in the liability phase that State Farm was liable under Title VII for classwide

discrimination on the basis of sex.  Specifically, it ruled that women who attempted to become trainee agents were "lied to, misinformed, and discouraged in their efforts to obtain the entry level sales position."  The court found State Farm liable with respect to "all female applicants and deterred applicants who, at any time since July 5, 1974, have been, are, or will be denied recruitment, selection and/or hire as trainee agents by defendant companies within the State of California."  Petitioner ultimately joined the class action suit against State Farm.

The parties to the class action subsequently reached an agreement in a consent decree as to the remedy phase of the litigation.  The consent decree provided for informal individual hearings before a special master to determine whether each claimant was entitled to damages and the amount of such damages. In October of 1990, petitioner's hearing was held before a special master who, on January 16, 1991, ruled that State Farm had discriminated against petitioner.  On January 28, 1991, State Farm issued a $653,230 check payable to petitioner and her attorney.  Petitioner's attorney retained legal fees of $163,308, and the $489,922 balance was paid to petitioner.

On her 1991 Federal income tax return, petitioner excluded the $653,230 payment from her gross income.  Respondent determined that the entire amount should have been included in petitioner's gross income.  The petition in this case was filed on December 28, 1995.

Discussion

Except as otherwise provided, gross income includes income from all sources. Sec. 61; Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). While section 61(a) is to be broadly construed, statutory exclusions from income must be narrowly construed. Commissioner v. Schleier, 515 U.S. ___, 115 S. Ct. 2159, 2163 (1995).

Under section 104(a)(2), gross income does not include "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Thus, an amount may be excluded from gross income only when it was received both: (1) Through prosecution or settlement of an action based upon tort or tort type rights and (2) on account of personal injuries or sickness. Commissioner v. Schleier, 515 U.S. at ___, 115 S. Ct. at 2166-2167.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). United States v. Burke, 504 U.S. 229, 237 (1992); Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd.

in part, revd. in part and remanded 70 F.3d 34 (5th Cir. 1995). The critical question is "in lieu of what was the settlement amount paid?" Bagley v. Commissioner, 105 T.C. 396, 406 (1995). Determination of the nature of the claim is a factual inquiry. Robinson v. Commissioner, supra at 127.

The amounts petitioner received under the settlement agreement were intended to settle petitioner's claim under Title VII. As a result, the U.S. Supreme Court's decision in United States v. Burke, supra, controls. In Burke, the Court considered whether amounts received in settlement of a claim under Title VII were excludable under section 104(a)(2). The Court analyzed Title VII and concluded that it did not provide for remedies to recompense claimants for tort type personal injuries. Instead, the Court noted that the statute offered only injunctions, back and front pay, and other equitable relief. Id. at 238-239. As a result, the Court concluded that Title VII did not redress a tort type personal injury and consequently that settlement proceeds based on such a claim are not excludable under section 104(a)(2).

Petitioner contends that Burke is distinguishable. Petitioner notes that the taxpayers in Burke were employed by the defendant at the time of the discrimination and that the award was essentially for a breach of contract. Petitioner contends that it was the contractlike violation that led the Court to the conclusion that the Title VII damages were not excludable. As a result, petitioner contends that, consistent with Burke, an award

of back pay under Title VII may be excludable where the taxpayer was not employed by the defendant at the time of the discrimination.

Petitioner's contention fails to grasp the central thrust of Burke. In Burke, the Supreme Court concluded that Title VII does not provide remedies that redress tort type personal injuries. That rationale does not depend upon the particular circumstances of a taxpayer's claim under Title VII. All claims under Title VII, including petitioner's, are subject to the same limited range of damages. Consequently, we reject petitioner's contention.

Petitioner also contends that remedies available to her under other laws redressed tort type personal injuries and that the consent decree was partially intended to settle these claims. Petitioner emphasizes that the consent decree indicated that State Farm was concerned about its liability under other laws. Petitioner has not established, however, that the payment under the consent decree was intended to settle petitioner's claims relating to other laws. In addition, the consent decree failed to allocate any portion of petitioner's recovery to the settlement of other claims. Consequently, petitioner has failed to prove that any part of the recovery is excludable. See Getty v. Commissioner, 91 T.C. 160, 175-176 (1988), affd. on this issue, revd. on other issues 913 F.2d 1486 (9th Cir. 1990).

Accordingly, we conclude that petitioner is not entitled to exclude any part of the $653,230 recovery under section 104(a)(2).

Petitioner also contends that she is entitled to exclude the portion (i.e., $163,308) of the settlement used to pay legal fees. Respondent contends that the legal fees are deductible under section 212(1) as an expense for the production of income and treated as a miscellaneous itemized deduction under section 67. We agree with respondent that the legal fees are deductible to the extent they exceed 2 percent of petitioner's adjusted gross income. See Alexander v. Commissioner, 72 F.3d 938, 946 (1st Cir. 1995), affg. T.C. Memo. 1995-51; see also sec. 1.67-1T(a)(1)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988).

We have considered all other arguments made by the parties and found them to be either irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.